UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUSSELL A. ECKROAD,

          Petitioner,

vs.                              Case No. 3:10-cv-835-J-37JRK

SECRETARY, Doc,
et al.,

          Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2010.[1] He challenges his 2007[2] Duval County conviction for six counts of burglary of a dwelling.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

        (d)(1)  A  1-year  period  of  limitation
        shall apply to an application for a writ of

---

[1] The Petition was filed with the Clerk on September 13, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (September 9, 2010). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on March 15, 2007.

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' May 4, 2011, Motion to Dismiss (Doc. #15) (hereinafter Response). In support of their contentions, they have

submitted exhibits.[3]   See Appendix (Doc. #14).   Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response.   See Order (Doc. #8).   Petitioner filed a Reply in Opposition (Doc. #17).

Petitioner was charged by amended information with six counts of burglary of a dwelling and five counts of dealing in stolen property.  Ex. A.  Petitioner entered into a guilty plea to the six counts of burglary of a dwelling, and the state agreed to drop the dealing in stolen property charges.  Ex. B.  The judgment and sentence was entered on March 15, 2007.  Ex. C.  He was sentenced to concurrent sentences of twenty-two years in prison as a habitual felony offender, with a fifteen-year minimum mandatory term as a prison releasee re-offender.  Id. at 4-11.  He did not seek an appeal.  Therefore, his conviction became final on Monday, April 16, 2007, when the time to appeal expired.  Response at 2.

Petitioner filed a petition seeking a belated appeal on September 27, 2007.  Ex. D.  A Special Master conducted a hearing on the petition and concluded in a report and recommendation that petitioner did not timely request that counsel file a notice of appeal.  Ex. E.  On June 16, 2008, the petition seeking a belated appeal was denied on the merits.  Ex. F.

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

Thereafter, on November 24, 2008, Petitioner filed a Rule 3.850 motion. Ex. G at 1-11. The trial court denied claims 1, 2, and 4 of the motion. Id. at 12-14. An evidentiary hearing was conducted on claim 3. Id. at 87-162. The court denied ground 3. Id. at 67-70. Petitioner appealed. Id. at 174. An appeal brief was filed. Ex. H. The First District Court of Appeal affirmed per curiam on June 29, 2010. Ex. I. Petitioner moved for rehearing. Ex. J. Rehearing was denied. Ex. K. The mandate issued on August 23, 2010. Ex. L.

The Petition, filed September 9, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. The one-year limitations period was tolled until Monday, April 16, 2007, when the time for appealing his conviction expired. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Upon consideration, the one-year limitations period in Petitioner's case began to run on April 17, 2007 (Tuesday). It expired on Thursday, April 17, 2008, utilizing the anniversary method. Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008). Petitioner did not file his post conviction motion in the state court system until November 24, 2008 (pursuant to the mailbox

rule).  Ex. G at 1-11.  This motion did not toll the federal one-year limitations period because it had already expired on April 17, 2008.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Although Petitioner, on September 27, 2007, filed a request for a belated appeal, Ex. D, the request was denied and the court did not in fact reopen direct review.  Ex. F.  See Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009) (finding where a state court reopens direct review, the conviction is rendered nonfinal for purposes of 28 U.S.C. § 2244(d)(1)(A)).  Thus, the Petition was not timely filed.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs, 520 F.3d at 1318

(stating that equitable tolling "is a remedy that must be used sparingly"); <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1108 (2006); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this

substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on

appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2.    Respondents' May 4, 2011, Motion to Dismiss (Doc. #15) is **GRANTED**.

3.    The case is **DISMISSED** with prejudice.

4.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

sa 10/12
c:
Russell A. Eckroad
Ass't A.G. (Pate)
Ass't A.G. (Heller)

8